IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TIMOTHY LAWRENCE BURRUS**                    **PLAINTIFF**

v.                           **CAUSE NO. 1:16-cv-424-LG-RHW**

**TROY PETERSON, et al.**                          **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

I.     BACKGROUND

Pro Se Plaintiff Timothy Lawrence Burrus brings this conditions of confinement Complaint pursuant to 42 U.S.C. § 1983. At the time of filing this action, Burrus was incarcerated at the Harrison County Adult Detention Center in Gulfport, Mississippi. Burrus is proceeding *in forma pauperis*. *See* Order [7].

A.   Notice of Assignment

On December 2, 2016, the Clerk issued a Notice of Assignment [Ex. 1-2] advising Burrus that he was required to notify the Court in writing if his address changed and it also warned Burrus that his failure to advise the Court of a change of address or his failure to timely comply with any order of the Court would be

deemed a purposeful delay and contumacious act that may result in the dismissal of this case.

    B.   <u>Order of February 17, 2017</u>

On February 17, 2017, the Court entered an Order [8] directing Burrus to file a written response to provide specific information regarding three of the Defendants. The Order [8] directed Burrus to file his response on or before March 10, 2017. The Order [8] also warned Burrus that failure to timely comply or failure to keep the Court informed of his current address will lead to the dismissal of this case. Burrus filed a Response [9] to the Order that appeared to voluntarily dismiss some Defendants and possibly add others as Defendants.

    C.   <u>Order of May 24, 2017</u>

On May 24, 2017, the Court entered an Order [10] directing Burrus to file a written response to clarify the Defendants. The Order [10] directed Burrus to file his response on or before June 14, 2017. The Order [10] also warned Burrus that failure to timely comply or failure to keep the Court informed of his current address will result in the dismissal of this case. The Order was mailed to Burrus at the Harrison County Adult Detention Center which is the address Burrus provided in his Complaint. Compl. [1] at 1-2. On June 1, 2017, the envelope [11] containing this Order [10] was returned by the postal service with the label "return to sender – refused – unable to forward." Ret. Mail [11]. Burrus failed to comply with this Order or otherwise contact the Court.

    D.   <u>Show Cause Order of June 28, 2017</u>

On June 28, 2017, the Court entered a Show Cause Order [12] directing Burrus to show cause, on or before July 12, 2017, why this case should not be dismissed for his failure to comply with the Court's previous Order [10]. The Show Cause Order [10] warned Burrus that failure to timely comply or failure to advise the Court of a change of address would result in the dismissal of this case without further written notice. The Show Cause Order was also mailed to Burrus at the Harrison County Adult Detention Center. On July 5, 2017, the envelope [13] containing the Show Cause Order [12] was returned by the postal service with the label "return to sender – not deliverable as addressed – unable to forward." Ret. Mail [13]. Burrus failed to comply with the Show Cause Order or otherwise contact the Court.

## II.   DISCUSSION

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Burrus has failed to keep this Court advised of his current address and he has failed to comply with two Court Orders [10], [12]. Burrus has not contacted the Court since March 6, 2017. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Docketing another show cause order would likewise be futile when Burrus has failed to provide a valid address. Therefore, the Court concludes that dismissal of this action is proper for Burrus's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Burrus's pleading, and the Court has not considered the merits of Burrus's claims, the Court's Order of Dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

### III.   CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of July, 2017.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge